UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| PHILIP D. LUCAS, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>METROPOLITAN TOWER LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No.: 2:11-cv-467-FtM-36SPC |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Philip D. Lucas ("Mr. Lucas" or "Plaintiff"), individually and on behalf of all others similarly situated, for his First Amended Class Action Complaint against Defendant states and alleges as follows:

1.　This is a class action for breach of contract to recover funds that Defendant has wrongfully taken from its customers by assessing charges in amounts exceeding those permitted by the express terms of the life insurance policies held by Mr. Lucas and the Class. This claim is based on the contract terms, and not on any conversations or documents reviewed at the time of sale.

**PARTIES, JURISDICTION & VENUE**

2.　Mr. Lucas is an individual, resides in Fort Myers, Florida, and is a citizen of the State of Florida.

3. Defendant Metropolitan Tower Life Insurance Company is a life insurance company organized and existing under the laws of the State of Delaware, and maintains its principal place of business in New York, New York. The issuing company of Mr. Lucas's policy was Metropolitan Insurance and Annuity Company which merged into the named Defendant herein in September of 2005. Defendant is the legal successor in interest of Metropolitan Insurance and Annuity Company. Defendant is licensed to sell life insurance products throughout the United States including in the State of Florida. Defendant Metropolitan Tower Life Insurance Company will be referred to herein as "Defendant" or "MetLife."

4. Jurisdiction is proper in this court pursuant to 28 USC § 1332(d)(2) because this is a class action with diversity of citizenship between parties where more than $5,000,000 is at issue, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 USC § 1391 because a substantial portion of the events giving rise to the claims alleged herein occurred in the district.

## GENERAL ALLEGATIONS

6. Plaintiff purchased from Defendant a "Flexible Premium Life Insurance Policy" ("Policy"), Policy number 884 848 394 UL, dated October 21, 1988 ("Issue Date"), with an initial face amount of $50,000. These types of policies are commonly referred to within the insurance industry as "universal life" policies. A true and accurate copy of Plaintiff's Policy is attached hereto as Exhibit A, and incorporated herein by reference. Plaintiff has always been both the "owner" of and the "insured" under the Policy.

7. The Policy is a legally enforceable contract between Plaintiff and Defendant.

8. The Policy contains "expense charges" that are assessed as a 9% deduction of paid-in premiums on a monthly basis. Ex. A, p. 6.

9. The Policy also contains a "monthly deduction," which is the sum of the following: a) "The monthly cost of the term insurance"; b) "The monthly cost of any benefits provided by riders"; and c) a charge of $35 plus $0.25 for each $1,000 of Specified Face Amount of Insurance for each of the first 12 policy months. *Id.*

10. After applicable charges are assessed, remaining premium dollars are credited to the Policy's accumulation fund, which is used in determining the ultimate death benefit payable to the beneficiary of the Policy.

11. With respect to the "monthly deduction" identified above, the Policy sets forth in great detail a precise formula as to how the "cost of term insurance" (COTI) charge is determined. Defendant states and promises to its policyholders as follows:

> The amount of term insurance for any policy month is equal to:
> 
> - The death benefit divided by 1.0032737;
>     MINUS
> - The accumulation fund.
> 
> The accumulation fund used in this calculation is the accumulation fund at the beginning of the policy month before deduction for the monthly cost of term insurance, but after the deductions for riders and any other charges.
> 
> The cost of the term insurance for any policy month is equal to the amount of term insurance multiplied by the monthly term insurance rate. <u>Monthly term insurance rates will be set by us from time to time, based on the insured's age, sex and underwriting class.</u> But these rates will never be more than the maximum rates shown in the table on page 4. *Id.* (emphasis added).

12. As promised by Defendant, the COTI **rate** is "based on the insured's <u>age</u>, <u>sex</u>, and <u>underwriting class</u>." (emphasis added.) These COTI rate factors are the traditional factors analyzed by life insurers in assessing mortality. Under the Policy, age, sex, and underwriting class are the **only factors** Defendant may consider in determining COTI rates. In Plaintiff's Policy, these factors are defined and/or described as follows:

3

- Age – 52

- Sex – male;

- Underwriting Class – Standard - Smoker

13.     Despite the Policy only authorizing Defendant to consider age, sex, and underwriting class in determining COTI rates, Defendant has breached the terms of the Policy on a monthly basis by adding or "loading" non-contractual factors into the COTI rates including, but not limited to:

(i)     Expenses (for such things as agent commissions, acquisition expenses, and maintenance expenses);

(ii)    Taxes;

(iii)   Profit assumptions;

(iv)   Expected policy lapse rates;

(v)    Expected premium persistency; and

(vi)   Other unspecified factors.

14.     By adding or "loading" these non-contractual factors into COTI rates, Defendant has breached the terms of the policies, impermissibly increased COTI rates, and assessed material COTI overcharges against the policies held by Plaintiff and the Class.  Because the overcharged amounts should have been deposited into accumulation funds within the policies, Defendant's assessment of COTI overcharges constitutes the wrongful taking of customer funds relating to the policies held by Plaintiff and the Class in violation of the policies.

15.     Defendant's breach of contract has subjected Plaintiff and the Class to COTI overcharges that have reduced policy values and in some cases caused premature lapsing of policies.  As a result, Defendant damaged Plaintiff and the Class, and these damages are continuing in nature.

## CLASS ALLEGATIONS

16. Plaintiff brings this case as a class action under Fed.R.Civ.P. 23, on behalf of himself and as a representative of the following persons (the "Class"):

> All persons who owned a life insurance policy from MetLife or its predecessors in interest during the applicable statute of limitations that contains: 1) a cost of term insurance charge; 2) additional but separate policy charges or expenses; 3) an accumulation fund component; and 4) a death benefit.

Excluded from the Class is MetLife, any entity in which MetLife has a controlling interest, any of the officers, directors, or employees of MetLife, the legal representatives, heirs, successors, and assigns of MetLife, anyone employed with Plaintiff's counsels' firms, and any Judge to whom this case is assigned, and his or her immediate family.

17. Plaintiff's claim satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

18. On information and belief, the persons who fall within the Class number in at least the thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

19. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from MetLife's actions include, without limitation, the following:

(i) Whether MetLife used factors other than those identified in the policies when determining COTI rates;

(ii) Whether MetLife added or "loaded" factors not specified in the Policy into COTI rates;

(iii) Whether MetLife breached the express or implied terms of its policies;

  (iv) Whether the Plaintiff Class sustained damages as a result of MetLife's breach of contract; and

  (v) Whether the Plaintiff Class is entitled to damages, restitution, and/or other equitable relief as a remedy for MetLife's breach of contract.

20. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

21. Plaintiff's claims are typical of those of the Class in that Class members purchased policies containing the same or similar limitations with respect to COTI rates and charges.

22. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of those he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

23. Maintenance of this action as a class action is superior to other available methods for the fair and efficient adjudication of this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with juridical economy, the rights of all class members.

## COUNT I:  BREACH OF CONTRACT

24. Plaintiff incorporates herein by reference the above allegations.

25. Plaintiff and the Class purchased life insurance policies from MetLife.

26. Plaintiff and the Class substantially performed their obligations under the terms of the policies.

27. Beginning at or after the commencement of the Policy term, MetLife began breaching the terms of the Policy on a monthly basis in the following respects: 1) by using factors other than age, sex, and underwriting class to determine COTI rates; and 2) by adding or "loading" factors not specified in the Policy into COTI rates.

28. By adding or "loading" these non-contractual factors into COTI rates, Defendant has altered the terms of the policies, impermissibly increased COTI rates, and assessed material COTI overcharges against the policies held by Plaintiff and the Class. Because the overcharged amounts should have been deposited into accumulation funds within the policies, Defendant's assessment of COTI overcharges constitutes the wrongful taking of customer funds relating to the policies held by Plaintiff and the Class in violation of the policies.

29. MetLife has damaged Plaintiff and the Class, and these damages are continuing in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows: an order certifying this case as a class action under Rule 23; compensatory damages and restitution as appropriate and available in an amount to be proven at trial based on, *inter alia*, cost of term insurance charges that exceed the amounts permitted by the terms of the policies; injunctive relief to preclude future misconduct; costs; pre- and post-judgment interest; attorney fees; and such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Respectfully submitted,

PHILIP LUCAS, on behalf of Himself
and all others similarly situated,

| | |
|---|---|
| By: /s/ Patrick J. Stueve<br>stueve@stuevesiegel.com<br>Pro Hac Vice – TRIAL COUNSEL<br>/s/ Richard M. Paul III<br>paul@stuevesiegel.com<br>Pro Hac Vice<br>**STUEVE SIEGEL HANSON LLP**<br>460 Nichols Road, Suite 200<br>Kansas City, MO  64112<br>Tel:     816-714-7100<br>Fax:    816-714-7101 | By: /s/ John J. Schirger<br>Pro Hac Vice<br>jschirger@millerschirger.com<br>**MILLER SCHIRGER LLC**<br>4520 Main Street, Suite 1570<br>Kansas City, MO  64111<br>Tel:     816-561-6500<br>Fax:    816-561-6501 |
| By: /s/ Philip Freidin<br>Philip Freidin, Florida Bar # 118519<br>PFreidin@fdlaw.net<br>Manual L. Dobrinsky, FL Bar # 775525<br>MDobrinsky@fdlaw.net<br>Randy Rosenblum, FL Bar # 983527<br>RRosenblum@fdlaw.net<br>**FREIDIN DOBRINSKY, P.A.**<br>2 South Biscayne Boulevard<br>Suite 3100<br>Miami, Florida  33131<br>Tele:  (305) 371-3666<br>Fax:  (305) 371-6725 | By: /s/ Richard J. Inglis<br>Richard J. Inglis, Florida Bar # 0618020<br>Richard@FreidinInglis.com<br>**FREIDIN & INGLIS, P.A.**<br>2245 McGregor Boulevard<br>Fort Myers, Florida  33901<br>Tele:  (239) 337-1918<br>Fax:  (239) 322-1637 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Richard J. Inglis
Richard J. Inglis, FL Bar # 0618020

8