UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

| | |
|---|---|
| PHILIP D. LUCAS, on behalf of himself and all others similarly situated, § § § | |
| Plaintiff, § | Case No. 2:11-cv-467-SPC |
| v. § § | |
| METROPOLITAN TOWER LIFE INSURANCE COMPANY, § § § | |
| Defendant. § | |

**MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND TO STAY ALL OTHER PROCEEDINGS**

Eric S. Adams
Florida Bar. No. 0090476
Shutts & Bowen LLP
4301 W. Boy Scout Boulevard, Suite 300  Tampa, FL 33607
Telephone: (813) 227-8122
Facsimile: (813) 227-8222

Reid L. Ashinoff (*pro hac vice*)
Lauren Perlgut (*pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10021-1089
Telephone:  (212) 398-4867
Facsimile:  (212) 768-6800

*Attorneys for Defendant Metropolitan Tower Life Insurance Company*

**Contents**

PRELIMINARY STATEMENT .................................................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS .................................................... 2
    A.   Lucas's Participation in the MetLife Class Action ............................................... 2
    B.   The Stay of this Matter to Seek Resolution of the Effect of the Class Settlement ......... 4
    C.   The Proceedings in the Western District of Pennsylvania ............................................. 5
    D.   Resumption of this Action ............................................................................................... 6

CERTIFICATION OF COMPLIANCE WITH L.R. 3.01(G) ....................................................... 8

ARGUMENT ................................................................................................................................ 9
    I.   CONSIDERATION OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT SHOULD BE EXPEDITED ........................................................................................................................ 9
    II.   ALL OTHER PROCEEDINGS SHOULD BE STAYED PENDING CONSIDERATION OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT ............................................................................ 9

CONCLUSION ........................................................................................................................... 12

Defendant Metropolitan Tower Life Insurance Company ("MetLife"), by and through its undersigned counsel, respectfully submits this motion and incorporated memorandum of law to expedite consideration of MetLife's fully briefed Motion to Enforce Settlement Agreement and to stay all other proceedings in this matter, including discovery and any case management conference, pending resolution of the motion.

## PRELIMINARY STATEMENT

Plaintiff Philip D. Lucas ("Lucas") is a member of a class that entered into a settlement agreement and broad release with MetLife in 1999 in *In Re Metropolitan Life Ins. Co. Sales Practice Lit.*, Misc. Docket No. 96-179, MDL No. 191 (W.D. Pa.) (the "MetLife Class Action"). As a class member, he elected to receive (and indeed, received) relief related to his purchase of a "Flexible Premium Life Insurance Policy" from MetLife (through its predecessor Metropolitan Insurance and Annuity Company) in 1988. He now brings this Action related to MetLife's handling of that same policy, and proffers himself as the representative of a class largely encompassed by the same class which entered into the nationwide class settlement approved by the Western District of Pennsylvania.

Both parties to this Action immediately recognized the need for an early determination of the threshold question of whether the Settlement Agreement and Final Order and Judgment entered in the MetLife Class Action act to bar Lucas's present action. Shortly after the Amended Complaint was filed, the parties entered into a stipulation, ordered by this Court, staying all proceedings in this Action until the threshold question could be answered by the Western District of Pennsylvania, which at that time retained jurisdiction over enforcement of the Final Order.

In an unexpected decision unrelated to the merits of Lucas's claims, the Western District of Pennsylvania has now renounced 13 years of jurisdiction over the Final Order and remanded

MetLife's motion to enforce the settlement agreement back to this Court. The motion is fully briefed and remains ripe for adjudication by this Court. MetLife is now seeking expedited consideration of the motion, as the long-awaited decision will entirely dispose of, or otherwise enormously shape, the contours of this Action.

Lucas instead seeks leave to amend the complaint a second time. Lucas has represented that the proposed amendment to the complaint does not change the nature of his claim against MetLife; thus, the same questions of the effect of the settlement will still need to be decided regardless of whether the amendment is allowed. That question has now been fully briefed, but has not yet been resolved.

Respectfully, this Court should proceed to adjudicate this Motion prior to Lucas's motion to amend (which he will likely seek to do a third time after the motion is decided) or any other motions or discovery in this Action, all of which may prove to be unnecessary. MetLife thus additionally seeks to again stay the proceedings in this Court until resolution of the Motion to Enforce the Settlement Agreement.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

### A.     Lucas's Participation in the MetLife Class Action

On February 20, 1996, the Judicial Panel on Multidistrict Litigation issued a Transfer Order coordinating several sales practices complaints filed against MetLife and related entities in various federal courts. The MetLife Class plaintiffs filed a consolidated class action complaint on July 1, 1996, as amended on September 9, 1999. The amended complaint asserted a variety of claims on behalf of a Class of persons who purchased MetLife permanent life insurance policies and annuities, based on federal securities law and various state common law and statutory grounds.

On August 18, 1999, the parties agreed to a Stipulation of Settlement resolving the MetLife Class Action. (Notice of Fully Briefed Motion [Dkt 48], Ex. 1 at Ex. B). Flexible premium life insurance polices, like the one Lucas purchased, fall within the Stipulation of Settlement's definition of "Permanent Life Insurance Policy." (*Id.* at § II.67; Ex. C ¶ 6.) Moreover, the 1988 purchase of the MetLife Policy falls squarely within the January 1, 1982 through December 31, 1997 Class Period. (*Id.* § II.28.)

Lucas did not opt out of the MDL Class. (Notice of Fully Briefed Motion, Ex. 1 at Ex. D ¶ 5.) To the contrary, on or about September 30, 1999, Lucas returned to MetLife a completed Designation Form, indicating that he wished to receive General Relief, the Settlement Death Benefit. *Id.* Details concerning the Settlement Death Benefit were provided to Lucas in a letter mailed on or about May 2, 2000. (*Id.* ¶ 6.)

In exchange for receiving valuable consideration, all Class members (including Lucas) broadly released all of the defendants (including MetLife) "from any and all claims or causes of action – known or unknown – that were or could have been asserted in this Action with respect to the Policies. . ." (*Id.* § XIV.A.1.) Among the enumerated subjects of the release includes "any acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations relating to," inter alia, the operation of a Policy, including "the amount or method of calculation of fees, charges, commissions, distribution costs, administrative expenses and/or taxes. . . as part of the premiums for. . . a Policy or Policies" and the Company's practices regarding "cost of insurance and administrative charges." *Id.* §§ XIV.A.1.b.4, XIV.A.1.b.15 (emphasis added).)

On December 26, 1999, the Western District of Pennsylvania entered the Final Order Approving Class Settlement which incorporated by reference, *inter alia*, the Stipulation of

Settlement. ((Notice of Fully Briefed Motion [Dkt 48], Ex. 1 at Ex. A). Final Judgment was entered on December 28, 1999.

### B. The Stay of this Matter to Seek Resolution of the Effect of the Class Settlement

Notwithstanding his status as a Class member and his receipt of relief pursuant to the Class settlement, on August 23, 2011, Lucas filed the instant Action, in which he seeks to recover again for allegedly improper charges that MetLife charged pursuant to the Policy agreement. He claims that MetLife breached the Policy by improperly utilizing certain factors in its calculation of the "Cost of Term Insurance" (COTI) monthly charges, "[b]eginning at or after the commencement of the Policy term." (*See* Amended Complaint [DKT 21] ¶¶ 12-13, 27-28.) Specifically, Lucas alleges that "[b]y adding or 'loading' these non-contractual factors into COTI rates, Defendant has breached the terms of the policies, impermissibly increased COTI rates, and assessed material COTI overcharges against the policies held by Plaintiff and the Class." (Ex. C. ¶ 14.)

On November 21, 2011 MetLife moved to transfer the Action to Western District of Pennsylvania, or otherwise to stay the action pending an application to that court to enjoin and bar Lucas's claims pursuant to the Class Settlement and Release. (*See* Defendant's Motion to Transfer [DKT 22]).

On December 21, 2011, Lucas agreed to, and the parties jointly filed, a stipulation staying this action pending resolution by the Pennsylvania court on "whether Plaintiff's claim is barred by the settlement agreement and release in *In Re Metro Life Ins. Co. Sales Practice Litig., MDL No. 1091.*" (Stipulation [DKT 28]). On December 29, 2011, this Court so-ordered the stipulation and stayed the case. (Dec. 29, 2011 Order [DKT 30]).

### C. The Proceedings in the Western District of Pennsylvania

On January 31, 2012, MetLife filed a motion in the Western District of Pennsylvania seeking to enjoin Lucas from proceeding with his claim in this Court on the basis of the Class Settlement. A copy of MetLife's Motion to Enforce Settlement Agreement ("Motion to Enforce") and supporting papers is attached as Exhibit 1 to the Notice of Fully Briefed Motion filed concurrently in this action [DKT 48]. On February 22, 2013, Lucas filed a memorandum in opposition to the Motion to Enforce and on March 2, 2013, MetLife filed a reply brief in further support of the motion. A copy of these briefs are attached as Exhibits 2 and 3 to the Notice of Fully Briefed Motion.

On April 19, 2012, in a surprising Order, the Western District of Pennsylvania directed the parties to submit additional briefs addressing the issue of "whether this Court's continued retention of jurisdiction is necessary and proper." The parties duly submitting briefing, both agreeing that it was necessary and proper for that court to continue to retain jurisdiction, as it had since 1999.

On June 12, 2012, the Western District of Pennsylvania issued a narrow decision ruling on the question of jurisdiction only, modifying its December 29, 1999 Order and relinquishing jurisdiction over enforcement of the Final Order. A copy of the decision is attached as Exhibit 4 to the Notice of Fully Briefed Motion and was previously filed with this Court on June 22, 2012 [DKT 35]. The Western District of Pennsylvania explained that it was making a deliberate change, and that at the time that MetLife filed its motion, the Western District of Pennsylvania "<u>was</u> the appropriate forum to resolve that issue." *Id.* at 8 (emphasis in original).

As to how its decision should be interpreted on remand to this Court, the Western District of Pennsylvania instructed that the decision did not reach the issue of the merits of whether the Class Settlement barred Lucas's claims:

> I emphasize, moreover, that my decision today is not in any way intended to express an opinion on the merits of the parties' positions with respect to the MDL settlement and release. My decision is limited to the subject of my continuing authority to determine Defendant's Motion to Enforce, and not to the substance of that Motion.

*Id.* The court also noted that "*Lucas v. Metropolitan Tower Life Ins. Co.* presents no unique situation that requires this Court, rather than my sister court in the Middle District of Florida, to address the release." *Id.*

### D. Resumption of this Action

Both parties acknowledge that the June 12, 2012 Order had the effect of remanding the Motion to Enforce back to this Court. (*See* June 10, 2013 Status Report [DKT 43] ¶ 4). Following the ruling, the parties conferred but disagreed about the effect of the ruling and the appropriate next steps. On July 31, 2012, counsel for MetLife informed Lucas's counsel that MetLife agreed to lift the stay, with the intention of submitting to this Court the fully-briefed Motion to Enforce. On August 6, 2012, Lucas's counsel responded that they were "evaluating an amendment to the complaint" and wanted to "defer moving to lift the stay until we finalize any Second Amended Complaint we may decide to file." (*See* Sept. 28, 2012 Status Report [DKT 38]).

Most recently, the stay enjoining all proceedings in this action has been lifted and on June 11, 2013 the Court issued an Order directing the parties to meet and confer and to submit a proposed case management report by June 25, 2013, which would have the effect of forcing the parties to engage in extensive discussion and negotiation about preparations for and scheduling of significant discovery. (June 11, 2013 Order [DKT 47]).

Currently, the parties disagree about how the case should now proceed.  *See* June 10, 2013 Joint Status Report [DKT 43].  On June 10, 2013, Lucas filed a Motion for Leave to File Second Amended Complaint [DKT 45], which would require briefing from MetLife as to the futility of the proposed amendments, including given that the Class Settlement and Release bars Lucas's claims.

As discussed herein, MetLife's position is that expedited resolution of its fully briefed motion to enjoin and bar Lucas's claims will be the most efficient and fair course of action, and should precede any briefing or consideration of Plaintiff's proposed second amended complaint or extensive negotiations between the parties related to discovery.  Such a resolution will be instructive, regardless of whether Lucas is permitted to amend the complaint again, particularly as his position is that "***the proposed Second Amended Complaint does not change the nature of the claims against Defendant.***"  *Id.* ¶ 6 (emphasis added).

MetLife is thus seeking expedited consideration of its Motion to Enforce, concurrently submitted to this court.  In addition, MetLife respectfully submits that the interests of justice and efficiency will be best served if all other proceedings – including case management scheduling, discovery, and motions to amend the pleading – are stayed until resolution of the motion MetLife first made nearly eighteen months ago.

## CERTIFICATION OF COMPLIANCE WITH L.R. 3.01(G)

Pursuant to Local Rule 3.01(g), I certify that on June 18, 2013 at 4:15 PM, Defendant's counsel conferred with counsel for Plaintiff. Counsel for Plaintiff advised that he would let Defendant's counsel know by the morning of June 19, 2013 whether Plaintiff opposed this motion. On June 19, 2013 at 2:54 PM, Defendant's counsel inquired of Plaintiff's counsel. At 5:06 PM, Plaintiff's counsel advised that he had been endeavoring to coordinate with his co-counsel and discuss the relief requested in this pleading and determine whether or not Plaintiff would consent or oppose. However, as of the last communication, Plaintiff's counsel was unable to confirm whether Plaintiff could or could not consent to the relief requested in this pleading. Because this pleading requested relief from an impending deadline, i.e. the June 25, 2013 deadline for the parties to conduct a case management conference, the undersigned proceeded with filing this pleading. If, after filing, the information in this Certification changes, the undersigned will prepare and file an amended Certification.

# ARGUMENT

## I. CONSIDERATION OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT SHOULD BE EXPEDITED

Given that the Motion to Enforce presents a threshold dispositive issue, and given that MetLife made the motion nearly eighteen months ago, MetLife moves for expedited and initial consideration of the motion by this Court. Where a motion presents a threshold issue that will shape the nature of a case, good cause exists to expedite determination of the motion. Here, the request to amend the pleadings cannot properly be evaluated until a determination is made whether the Settlement Agreement and Release bar Lucas from bringing claims related to his policy.

Moreover, the issues presented are straightforward. The Western District of Pennsylvania has already reviewed the briefing and advised this Court that Lucas's situation arguably "is less complex than many addressed in previous motions to enforce," and "presents no unique situation that requires this Court, rather than my sister court in the Middle District of Florida, to address the release." June 12, 2012 Order (Dkt 35) at 8. Specifically, that court noted that:

> Plaintiffs Florida action asserts a single count which rests on specific allegations relating to COTI rates. His opposition to the Motion to Enforce Settlement is based on the contractual carve-outs for claims regarding "wrongful taking of customer funds" and "contractual benefits," as well as the lack of similarity between his claims and those raised in the MDL. These general issues have been addressed multiple times by this Court, and thus judicial authority thereon is not scarce.

*Id.* at 9.

## II. ALL OTHER PROCEEDINGS SHOULD BE STAYED PENDING CONSIDERATION OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

This Court previously so-ordered the parties' stipulated agreement to stay this Action pending resolution of the question "whether Plaintiff's claim is barred by the settlement agreement and release in *In Re Metro Life Ins. Co. Sales Practice Litig., MDL No. 1091*." (Stipulation [DKT

28]; Dec. 29, 2011 Order [DKT 30]). That question has now been fully briefed, but has not yet been resolved. MetLife submits that all proceedings in this Action, including discovery and Plaintiff's Motion for Leave to File Second Amended Complaint, should again be stayed until there is resolution of the Motion to Enforce.

The same good cause exists to stay this Action now as existed previously when this Court entered the December 29, 2011 Stay Order. The Motion to Enforce presents a purely legal question that challenges the legal sufficiency of Lucas's right to assert his breach of contract claims. As this court explained in *McCabe v. Foley*, "challenges to the legal sufficiency of a claim or defense should often be resolved before discovery begins." 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)). In *McCabe*, this court granted a stay of all discovery where the defendants had moved to dismiss a purported shareholder derivative suit based on an insufficient allegation of demand futility. *Id.* The court emphasized that the standard for granting a motion to stay discovery is good cause and reasonableness (and is not based on hardship to the other party). *Id. See also Jackson-Bear Group, Inc. v. Amirjazil*, No. 2:10–cv–332–FtM–29SPC, 2011 WL 720462 (M.D. Fla. Feb. 22, 2011) (issuing stay where motion to dismiss "raised meritorious challenges to the Complaint"); *Yerk v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2010 WL 1730754 (M.D. Fla. Apr. 28, 2010) (granting stay where motion to dismiss based on judicial estoppel would be dispositive for the whole case).

In determining whether a stay of discovery is reasonable, courts within this Circuit must also evaluate the likely costs and burdens of proceeding with discovery. *See McCabe*, 233 F.R.D. 683 at 685 ("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing

the likely costs and burdens of proceeding with discovery.") (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997)). Here, if the Motion to Enforce is granted, no discovery at all and no expense of discovery will be required. Thus any such efforts now would be inefficient and costly to the parties. While discovery has not commenced and there have been no discovery requests to date, if allowed, the discovery in this putative class action[1] is likely to be extensive, however, as Lucas purports to bring claims on behalf of a broad class that relate to MetLife's handling of policies dating back to "at or after the commencement of the Policy term" in 1998. (Amended Complaint ¶ 27 [DKT 21]).

Finally, Lucas will not be prejudiced by an additional brief stay, particularly if consideration of the Motion to Enforce is expedited. The case is still in its earliest stages, and the parties do not have resolution on the nature of the claims that will go forward, if any. Lucas has made little effort to resume this case in the year since the Western District of Pennsylvania ruled that it was no longer the appropriate forum to determine the Motion to Enforce and cannot now be heard to argue that it will be prejudiced by waiting a few more weeks for this decision. *See McCabe*, 233 F.R.D. at 687 (finding that plaintiff will not "be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided). Moreover, the Western District of Pennsylvania similarly noted that the parties here "proffer no reason that the several-month delay occasioned by the Florida court's stay causes either of them any prejudice." (June 12, 2012 Order [DKT 35] at 9).

---

[1] We note the September 8, 2011 and June 11, 2013 Orders [Dkt 12, 47] designate this Action as a Track II case pursuant to Local Rule 3.05. Local Rule 3.05 states that class action cases should be designated as Track III, however.

## CONCLUSION

Wherefore, Defendant prays that the Court grant this motion to expedite consideration of the Motion to Enforce the Settlement Agreement, and to grant a stay of these proceedings, including the June 25, 2013 case management conference, pending resolution of the Motion to Enforce.

Respectfully submitted,

Dated:  June 19, 2013

By:  /s/ Eric S. Adams
Eric S. Adams
Florida Bar No. 0090476
**Shutts & Bowen LLP**
4301 W. Boy Scout Boulevard, Suite 300
Tampa, FL 33607
Telephone: (813) 227-8122
Facsimile: (813) 227-8222
eadams@shutts.com
shatfield@shutts.com

and

Reid L. Ashinoff (*pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
reid.ashinoff@dentons.com
Tel: 212-768-6700
Fax: 212-768-6800
reid.ashinoff@snrdenton.com
edward.reich@snrdenton.com
lauren.perlgut@snrdenton.com

*Attorneys for Defendant Metropolitan Tower Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was sent by CM/ECF on this 19th day of June, 2013 to the following counsel:

Richard J. Inglis, Esq.
Philip Freidin, Esq.
Manual L. Dobrinsky, Esq.
Randy Rosenblum, Esq.

                                                          */s/ Eric S. Adams*
                                                                   Attorney

TPADOCS 19932399 1